Dear Representative Salter:
This office is in receipt of your opinion request of recent date wherein you ask the following questions: " Is it legal for a business person who repairs tractors and other machinery and equipment to sell through private sale same when the owner has not paid the cost of labor and materials to make the requested repairs? If this private sale is legal, what timelines and other notification requirements must be met by the business person? "
LSA.-R.S. 9:4502 addresses this subject, i.e. Privilege for making or repairing movable goods, commodities, equipment, merchandise, machinery and other movable objects. The statute reads as follows:
 A. (1) Any person engaged in the making or repairing of movable goods, furniture, upholstery, commodities, equipment, merchandise, machinery of movable objects or movable property of any type or description, has a privilege on the thing for the debt due him for materials furnished or labor performed. This privilege is effective for a period of one hundred twenty days from the last day on which materials were furnished or labor was performed, if the thing affected by such privilege is removed from the place of business where such labor was performed or materials furnished; provided that if the thing affected by such privilege remains in the place of business of the person who furnished such materials or performed. such labor, such privilege continues as long as such thing remains in such place of business.
 (2) This privilege is effective for a period of twelve months from the last day on which materials were furnished or labor was performed on any farm equipment or machinery, if said thing affected by such privilege is removed from the place of business where such labor was performed or materials furnished; provided, further, that this special farm privilege shall not be effective more than one hundred twenty days as against third parties who purchase the equipment or machinery, or who lend money secured by the equipment or machinery, in good faith without knowledge of the existence of any privilege.
 B. This privilege may be enforced by writ of sequestration, without the necessity of the creditor furnishing security therefore, if the debtor is first given ten days' written notice by registered mail, and the exemptions from seizure granted by R.S. 13:3881* shall not be applicable to objects or property subject to this privilege for purposes of enforcing this privilege. This privilege is inferior to a vendor's privilege, a chattel mortgage previously recorded, a previously perfected security interest under Chapter 9 of the Louisiana Commercial Laws, or against a bona fide purchaser to whom possession has been delivered and who has paid the purchase price without previous notice of the existence of the privilege.
 C. In addition to the remedy above granted, when the thing affected by the privilege remains in the place of business of the person having such privilege and the debt due thereon remains unpaid for more than ninety days from the date on which the last labor was performed or last material was furnished, the holder of such privilege may sell such property at private sale and without appraisement, after advertising such property for ten days as provided by law in case of judicial sales of movables. If the thing affected by such privilege and subject to such sale is of a value of ten dollars or less, to be shown by written estimate made and signed by two disinterested appraisers, then it shall not be necessary to advertise such property for sale, but in lieu thereof the privilege holder shall, at least ten days prior to such sale, mail by registered mail to the owner or apparent owner at his last known address a notice stating the intention to sell such property and giving the date, time and place of the sale. From the proceeds of any such sale, the amount of the debt secured by such privilege shall be satisfied, including all reasonable charges for registered notices, advertisement or charges of appraisers and costs of the sale; and the balance, if any, shall be held for the benefit of the owner for a period of six months, after which time, if it remains unclaimed, it shall be paid to the state treasury.
 D. This section shall not be construed as repealing any of the provisions of R.S. 9:4501 or of any other law which grants a privilege, or grants another remedy for the enforcement thereof. However, the remedy granted by Subsection C of this Section is not available to any person who is granted a remedy for enforcement of his privilege under any other Section of this Title. When property to which the privilege granted by R.S. 9:4501
does not apply, but for which a certificate of title from the office of motor vehicles of the Department of Public Safety is required, is sold at private sale pursuant to Subsection C, the office of motor vehicles shall issue a new certificate of title to the purchaser, if the application therefore is accompanied by an authentic act of sale and proof of compliance with the advertisement or notice requirement, as the case may be.
The business person who repairs the tractors and other machinery has a privilege on the movable for the debt due him for materials furnished or labor performed. This privilege is effective for 120 days from the last day on which materials were furnished or labor performed if the thing affected is removed from the place of business where such labor was performed or materials furnished. If the thing remains in the place of business, the privilege lasts as long as the thing remains in such place of business.
The privilege is effective for twelve months from the last day on which materials were furnished or labor performed on any farm equipment or machinery, if said thing is removed from the place of business where the labor was performed or materials furnished.
If the debt due remains unpaid for more than 90 days from the date on which the last labor was performed of material furnished, the holder of the privilege may sell the property at private sale and without appraisement. The private sale is legal provided that the items are advertised for ten days prior to the sale unless it is worth less than $10.00. From the proceeds of the sale, the amount of the debt plus the costs listed in the statute shall be paid. The balance shall be held for the owner for six months after which it should be turned over to the state treasury.
I sincerely hope that this answers your questions. I have listed the exemptions in the endnote of this opinion. If you have any questions, please do not hesitate to contact me at 225-342-3978. Thank you for your concern.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KORDICE M. DOUGLAS ASSISTANT ATTORNEY GENERAL
RPI/KMD
* La.R.S. 13:3881 General Exemptions from seizures is as follows:
 A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
 (1) (a) Seventy-five percent of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction thereof, according to whether the employee's pay period is greater or less than one week. However, the exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children is fifty percent of disposable earnings, and the exemption from seizure of the disposable earnings for the payment of a current or past due support obligation, or both, for a spouse or former spouse is sixty percent of the disposable earnings. For purposes of this Subsection, if the Department of Social Services is providing support enforcement services to the spouse and a judgment or order for support enforcement services to the spouse and a judgment or order for support includes an obligation for both a child or children and a spouse or former spouse, or in any case wherein the judgment or order does not clearly indicate which amount is attributable to support of the child or children and which amount is attributable to support of the spouse or former spouse, the support obligations shall be treated as if it is exclusively for the support of a child or children.
 (b) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld and which amounts are reasonable and are being deducted in the usual course of business at the time the garnishment is served upon the employer for the purpose of providing benefits for retirement, medical insurance coverage, life insurance coverage and which amounts are legally due or owed to the employer in the usual course of business at the time the garnishment is served.
 (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
 (a) Tools.
 (b) Instruments.
 (c) Books.
 (d) One pickup truck with a gross weight of less than three tons, or one motor vehicle which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B) which also shall not be a vehicle used solely for transportation to and from the place at which the debtor earns his livelihood; and
 (e) One utility trailer.
 (3) The personal servitude of habitation and the usufruct under Article 223 of the Civil Code.
 (4) (a) The clothing bedding, linen, chinaware, nonsterling silverware, glassware, living room, bedroom and dining room furniture, cooking stove, heating and cooling equipment, one noncommercial sewing machine, equipment for required therapy, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers, electric or otherwise, used by him or a member of his family.
 (b) The family portraits.
 (c) His arms and military accoutrements.
 (d) The musical instruments played or practiced on by him or a member of his family.
 (e) The poultry, fowl and one cow kept by him for the use of his family.
 (f) All dogs, cats and other household pets.
 (5) Any wedding or engagement rings worn by either spouse, provided the value of the ring does not exceed five thousand dollars.
 B. (1) In cases instituted under the provisions of Title 11 of the United States Code, entitled "Bankruptcy", there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the State of Louisiana and under federal laws other than Subsection (d) of Section 522 of said Title 11 of the United States Code.
 (2) No property upon which a debtor has voluntarily granted a lien shall, to the extent of the balance due on the debt secured thereby, be subject to the provisions of this Chapter to be exempt from forced sale under process of law.
 (3) Proceeds from the involuntary sale or distribution of personal property that is exempt from seizure under the laws of this state, made at or after the filing of a petition under any Chapter of Title 11 of the United States Code, shall remain exempt for purposes of state law exemptions, as applicable under 11 U.S.C.A. Sect. 522 (b) (2) (A). For purposes of this Subsection, "involuntary sale" shall mean any non-consensual sale or disposition of property.
 C. The state of Louisiana expressly waives any immunity from suit insofar as the garnishment of the nonexempt portion of the wages, salaries, commissions, or other compensation of public officials, whether elected or appointed, public employees, or contractors is concerned, of itself, its agencies, boards, commissions, political subdivisions, public corporations, and municipal corporations.
 D. (1) Except as provided in Paragraph 2 of this Subsection, the following shall be exempt from all liability for any debt except alimony and child support: all pensions, all tax-deferred arrangements, annuity contracts, and all proceeds of and payments under all tax-deferred arrangements and annuity contracts, as defined in Paragraph 3 of this Subsection.
 (2) No contribution to a tax-deferred arrangement or to an annuity contract, as defined in Paragraph 3 of this Subsection, shall be exempt if made less than one calendar year of the date of filing for bankruptcy, whether voluntary of involuntary, or the date writs of seizure are filed against the tax-deferred arrangement of annuity contract. A transfer from one tax-deferred arrangement to another or from one annuity contract to another shall not be considered a contribution for purposes of this Paragraph.